## EBER ANGELL, JR. *v.* JOSEPH KEITH.

*Trespass lies against an officer attaching by copy in town clerk's office, &c. Evidence. Custom or usage.*

*Replevin* will lie against an officer, who attaches property, by leaving a copy in the town clerk's office, brought by some person other than the debtor, and so also, will *trespass* and *trover*.

There is no such uniformity, in the custom or usage of giving executions to the same officer making the attachment, that it can be regarded as evidence to show that the officer made the attachment, nor can it be regarded as evidence to show a particular and substantial fact.

TRESPASS for taking and carrying away hay. Plea, not guilty, and trial by jury.

Angell *v.* Keith.

On trial, the plaintiff gave evidence tending to show that the hay was raised on his farm in Barnard, in the county of Windsor, and then in his barn on said farm; that the same was attached as the property of Eber Angell, his father, who resided with plaintiff on said farm, that said hay was taken on a writ of attachment against said Eber, and a copy of the same and return thereon left in the town clerk's office in said Barnard as provided by statute; that this was in December, 1849. There was no direct testimony to show who was the officer that made this service. The testimony tended to show, that said writ of attachment was duly returned and judgment rendered thereon against said Eber Angell, and execution thereon, and that defendant, as an officer, posted said hay for sale on said execution, and sold the same by sample, at public vendue, at Barnard village, to Rollin Richmond and Hiram Aikens, who soon after took and carried away a part of said hay, between one and two tons, and the remainder of said hay the plaintiff bought of said Richmond and Aikens, and used on said farm.

The defendant gave evidence tending to prove, that none of said hay was actually removed by said Richmond and Aikens until after the service of the writ in this action; and claimed of the court to charge the jury, that the plaintiff could recover for no more hay than had been actually removed from the barn, before the service of the writ in this action.

The court declined so to charge the jury, but did charge, that if they found the defendant first served the writ of attachment, by attaching the hay and leaving a copy in the town clerk's office, and this was passed to judgment and said hay sold by defendant on the execution; this taking on attachment was such a taking, as entitled the plaintiff to recover. That to entitle the plaintiff to recover, the jury must be convinced that defendant was the officer who served the attachment. If from the testimony in the case, and from the usual practice of delivering the execution to the same officer who served the attachment, the jury were satisfied, that defendant was the officer who served the attachment, they might find for the plaintiff, for whatever hay the defendant sold to said Richmond and Aikens, whether the same had been by them taken away before the service of the writ in this suit or not. Exceptions by defendant.

Angell *v.* Keith.

*W. C. French* for defendant.

In some cases it has been held, that trespass can be sustained where a person unlawfully exercises an authority over the goods in defiance and to the exclusion of the true owner; no case has ever carried the rule any further. 2 Greenleaf Ev. 621. *Hart* v. *Hyde*, 5 Vt. 328. *Wilder* v. *Baker*, 1 Met. 27. *Phillips* v. *Hall*, 8 Wend. 610. *Wintringham* v. *Lafoy*, 7 Cow. 735.

If the sale by the officer conveyed the title to the property, it might perhaps merit a different consideration, but our courts have decided that in such a case no title passes to the vendee. That the sale merely conveys the interest of the judgment debtor in the property. The attachment creates no ,lein, and the sale conveys no title to the property. *Griffith* v. *Fowler*, 18 Vt. 390. *Austin* v. *Tilden*, 14 Vt. 325.

There was no testimony, as to who was the officer that served the attachment, nor was there testimony to the practice of delivering the execution to the officer making the attachment. If the existence of such a practice was proper to be considered by the jury, it should have been proved. *Birney* v. *Martin et al.*, 3 Vt. 236.

If proof had been offered it would leave improper, &c. See 2 Greenleaf Ev. § 251.

*O. P. Chandler* for plaintiff.

The attachment by copy is in law equivalent to an actual taking. It transfers the custody and right of control to the officer. It enables him to maintain trespass against the owner if he be the debtor, and against all wrong doers.

The trespass having been commenced before the bringing of the action, it is to be considered entire; it operates *ab initio;* and the rule of damage is the value of the property. *Clark* v. *Harrington*, 4 Vt. 75. *Lowry* v. *Walker*, 4 Vt. 76. *Lowry* v. *Walker*, 5 Vt. 185. *Hart* v. *Hyde*, 5 Vt. 328.

BY THE COURT. 1. It having been decided in *May* v. *Hastings*, in Orleans county, on the last circuit, that an officer who attaches property, by leaving a copy in the town clerk's office, is liable to a suit of *replevin*, brought by some person, other than the debtor, it would seem to follow, that *trespass* and *trover* will lie. For *replevin* will only lie where the property is unjustly detained,

which the officer could not be said to do, unless he had *taken* the property. It has long been settled, that as to the debtor, this mode of attachment effectually divests *him* of all possession, so that he cannot sue even a stranger who intermeddles. And we think the officer is estopped from denying the taking, as to all others who show title to the property.

2. But it is said there was no *direct* evidence that the defendant made the attachment, and it is not stated what evidence upon this point, was given, or that any was given, unless it is to be inferred that some was given, from it being stated that no *direct* evidence was given, and from the fact, that the jury were directed to consider the custom or usage of giving executions to the same officer making the attachment, we must conclude the evidence was very slight, if indeed any other existed. But as the jury were told to consider this usage as evidence, tending to show the defendant made the attachment, and if so, they might have determined the case upon this evidence alone, it is important that we should be able to say this is competent evidence for that purpose.

It appears to us, that there is no such uniformity in this custom or usage, that it can be regarded as evidence, to show a particular and substantial fact. The custom of giving out executions within thirty days after judgment, is far more uniform, than the one alluded to, and we suppose that no one ever relied upon that kind of evidence, to charge property in execution. A witness, who gave out an execution, might rely upon his habit of giving them out in thirty days, and that if he had not in the particular instance, it would have made an impression upon his mind, to enable *him* to say he *did* give it out in thirty days, but the jury could not with propriety, be allowed to consider this usage as showing the main fact. It is common to attach property to satisfy the judgment, but that of itself would scarcely be sufficient to show an attachment in a particular case. The truth is, this evidence is defective in two particulars. First, it rests upon no settled and reliable uniformity upon which the jury could safely be allowed to act. Second, it presupposes the existence of other evidence, and in the power of the party, which not being produced, ordinarily raises a presumption against the party, that if produced, it would operate against him.

Judgment reversed and case remanded.